UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Toshimi Ellis,<br>Individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br> -v-<br><br>Alex Figliolia Water & Sewer LLC,<br><br>         Defendant. | Civ. Action #:<br><br>**COMPLAINT**<br>(Collective & Class Action)<br><br>Date Filed:<br><br><br>JURY TRIAL DEMANDED |

   Plaintiff Toshimi Ellis ("plaintiff," or "Ellis"), on behalf of himself, and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of defendant Alex Figliolia Water & Sewer LLC, ("AFWS" or "defendant"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the Defendant as manual workers, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to maximum liquidated damages and/or interest for being paid overtime wages later than weekly; and (ii) entitled to costs and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former employees who worked for the Defendant as manual workers, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to maximum liquidated damages and/or interest for being paid overtime wages later than weekly; and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff complains on behalf of himself and a class of other similarly situated current and former employees who worked for the Defendant as manual workers, pursuant to the Fed. R.

1

Civ. Proc. 23, that he and they are: (i) entitled to maximum liquidated damages and/or interest for being paid overtime wages and non-overtime wages later than weekly; and (ii) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Toshimi Ellis is a resident of Kings County in the State of New York.

8. Upon information and belief, defendant Alex Figliolia Water & Sewer LLC, is a New York limited liability company, with its principal place of business at 420 Carroll St., Brooklyn, NY 11215.

9. "Plaintiff" as used in this complaint refers to the named Plaintiff, except, that as to the class and collective action allegations under New York Labor Law and the FLSA respectively, "Plaintiff" refers to the named Plaintiff as well as those similarly situated as putative class members as further defined below.

10. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## **STATEMENT OF FACTS**

11. Upon information and belief and at all times relevant herein, defendant was in the plumbing service and supplies business in the New York tri-state area. See http://www.alexfigliolia.com.

12. Upon information and belief and at all times relevant herein, had about fifty employees.

13. Upon information and belief, plaintiff was employed by defendant for about 6 months ending in December 2012.

14. At all times relevant herein, plaintiff was employed by defendant at its Brooklyn location.

15. At all times relevant herein, plaintiff was employed by defendant as a manual laborer in its plumbing business – plaintiff would load, transport and unload plumbing supplies and equipment for defendant and at the job site, plaintiff would physically assist in doing the plumbing work.

16. Upon information and belief, and at all times relevant herein, the putative class members herein also performed similar manual work and functions as did plaintiff.

17. At all times relevant herein, plaintiff was an hourly employee of defendant.

18. Upon information and belief, and at all times relevant herein, plaintiff was paid about $14/hr.

19. At all times relevant herein, plaintiff was paid bi-weekly.

20. Upon information and at all times relevant herein, the putative members of the class herein were paid bi-weekly.

21. At all relevant times herein and for the time Plaintiff was employed by Defendant, he worked

more than forty (40) hours in a week for some or all weeks.

22. For numerous weeks during his employment with defendant, plaintiff worked overtime hours and was paid overtime wages under the FLSA and NYLL. However, defendant violated and willfully violated the FLSA and NYLL by paying plaintiff his overtime wages bi-weekly instead of weekly. Both the FLSA and NYLL required defendant to pay plaintiff his overtime wages at a frequency that did not violate state law. Because plaintiff was a manual worker, defendant was required to pay his overtime wages under the FLSA and NYLL weekly in light of NYLL 191 and NYLL 191(1)(a) which require that manual workers be paid weekly for both their non-overtime and overtime wages.

23. **Upon information and belief and at all times relevant herein, Defendant had a policy and practice of paying plaintiff and the putative class members their wages, including their overtime wages bi-weekly instead of weekly.**

24. Upon information and belief and at all times relevant herein, defendant had annual revenues from its operations in excess of $500,000.

25. At all times applicable herein, defendant conducted business with vendors/entities/persons outside the State of New York.

26. At all times applicable herein and upon information and belief, defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

27. At all times applicable herein and upon information and belief, defendant utilized the goods, materials, and services through interstate commerce such as plumbing supplies and equipment.

28. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be

longer.

29. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

30. Upon information and belief and at all times applicable herein, defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

31. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Untimely OT Payments)

32. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

33. The named plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

34. The FLSA cause of action is brought as a collective action on behalf of the named plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

35. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid their overtime wages weekly as also explained above.

36. The FLSA class will include but is not limited to employees like plaintiff who were manual workers and did plumbing and related work.

37. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendant, upon information and belief, there are over 50 members of the class during the class period.

38. The class definition will be refined as is necessary, including after discovery if necessary.

39. At all times relevant to this action, plaintiff and all those similarly-situated, were employed by defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

40. Upon information and belief, and at all times relevant to this action, plaintiff and all those similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

41. Upon information and belief and at all times relevant herein, defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

42. **At all times relevant herein, defendant failed and willfully failed to pay plaintiff, and all those similarly-situated as manual workers, overtime compensation weekly, in violation of the FLSA including 29 U.S.C. § 207 and the regulations thereunder**.

### Relief Demanded

43. Due to Defendant's FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, <u>maximum liquidated damages and/or interest</u>, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Untimely OT Payments)

44. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

45. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

46. The class of similarly situated individuals as to the overtime cause of action under the NYLL 663 is defined as current and former employees who worked for the defendant as manual workers within the State of New York and who: 1) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 2) were not paid their overtime wages weekly as also explained above.

47. The NYLL class will include but is not limited to employees like plaintiff who were manual workers and did plumbing and related work.

48. The class definition will be refined as is necessary, including after discovery if necessary.

49. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendant, upon information and belief, there are over 60 members of the class during the class period.

50. Upon information and belief the putative class is so numerous that joinder of all members is

impracticable.

51. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid overtime wages weekly.

52. Upon information and belief, the claims of the representative party are typical of the claims of the class.

53. The representative party will fairly and adequately protect the interests of the class.

54. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

55. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a)   Whether defendant failed and/or refused to pay the plaintiff and the putative class members their overtime wages weekly.

56. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendant and in light of the large number of putative class members.

57. At all times relevant to this action, plaintiff and all those similarly situated as class members, were employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

58. **At all times relevant herein, defendant failed to pay and willfully failed to pay Plaintiff and all those similarly situated as class members, overtime wages weekly, in violation of**

**the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.**

### Relief Demanded

59. Due to defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from defendant, maximum liquidated damages and/or interest, attorneys' fees, and costs of the action, pursuant to NYLL § 663.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL 191, 198 – Untimely Payment of Base and Overtime Wages

60. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 59 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

61. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

62. The class of similarly situated individuals as to the cause of action under NYLL 198 is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint.

63. The NYLL class will include but is not limited to employees like plaintiff who were manual workers and did plumbing and related work.

64. The class definition will be refined as is necessary, including after discovery if necessary.

65. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendant, upon

information and belief, there are over 60 members of the class during the class period.

66. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

67. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

68. Upon information and belief, the claims of the representative party are typical of the claims of the class.

69. The representative party will fairly and adequately protect the interests of the class.

70. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

71. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (b)   Whether, defendant failed and/or refused to pay the plaintiff and the putative class members their wages weekly, within the meaning of NYLL 190(1)(a).

72. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

73. At all times relevant to this action, plaintiff and all those similarly situated as class members, were employed by defendant within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 190(1)(a) and the regulations thereunder.

74. **At all times relevant herein, defendant failed to pay and willfully failed to pay plaintiff and all those similarly situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 190(1)(a).**

**Relief Demanded**

75. Due to defendant's NYLL 190 et Seq. violations, plaintiff, and all those similarly-situated, are entitled to recover from defendant, maximum liquidated damages, and/or interest, attorneys' fees, and costs of the action, pursuant to NYLL § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

76. Declare defendant (including its overtime and wage payment policy and practice) to be in violation of the rights of plaintiff and putative class members, under the FLSA and New York Labor Law – 12 NYCRR 142-2.2 and NYLL § 191 and enjoin defendant from paying its manual workers their overtime and non-overtime wages later than weekly.

77. As to the **First Cause of Action**, award plaintiff and the similarly-situated class members, maximum liquidated damages, and/or interests, costs and attorneys' fees and enjoin defendant from paying its manual workers later than weekly, pursuant to 29 USC § 216(b);

78. As to the **Second Cause of Action**, award plaintiff and the similarly-situated class members, maximum liquidated damages, and/or interests, costs and attorneys' fees and enjoin defendant from paying its manual workers later than weekly, pursuant to NYLL § 663;

79. As to the **Third Cause of Action**, award plaintiff and the similarly-situated class members, maximum liquidated damages, and/or interests, costs and attorneys' fees and enjoin defendant from paying its manual workers later than weekly, pursuant to NYLL § 198;

80. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

81. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
      May 21, 2014

Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com